IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL LEASE FINANCE ) <br> CORPORATION, a California ) <br> Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARBARA TUNCA, a/k/a ) <br> Bahtisen Tunca, an individual, ) <br> ) <br> Defendant. ) <br> ) | Case No. 09 C 6295 <br> Hon. George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's motion to dismiss plaintiff's supplementary complaint. For the reasons set forth below, the motion is denied.

*I.     Relevant Facts*

On October 7, 2009, plaintiff International Lease Finance Corporation ("plaintiff" or "ILFC"), filed a twenty-count complaint against Defendant Barbara Tunca ("defendant" or "Tunca"). In the complaint, ILFC sought to recover a sum of $5,194,247.03 due under twenty separate promissory notes, plus prejudgment interest and attorneys' fees and costs. On or about January 21, 2010, ILFC and Tunca entered into a settlement agreement and mutual release. The parties intended that agreement to be a global settlement of all litigation between the parties.

In early 2010, Tunca breached her obligations under the settlement agreement by failing to make the required settlement payments. On April 6, 2010, the Court granted ILFC's motion to enforce the settlement agreement and entered judgment in favor of

plaintiff and against Tunca in the amount of $1,230,000. On June 16, 2010, the Court entered an additional judgment in favor of ILFC in the amount of $2,624 plus costs, bringing the total judgment to $1,232,855.41.

On June 28, 2002, Tunca and her husband purchased property at 4 Roundstone Lake, in Barrington, Illinois ("the property") for $275,000.33. In August of 2005, the Tuncas obtained a construction loan of $2,375,000 and made improvements to the property. That loan was paid off and released in 2008. From June 28, 2002 to June 4, 2010, Tunca and her husband owned the property as joint tenants. On June 4, 2010, two months after the Court entered the $1,230,000 judgment against Tunca, she and her husband transferred their interests in the property from a joint tenancy to a tenancy by the entirety.

On October 7, 2010, ILFC filed a notice of lien on the property with the Cook County Recorder of Deeds, numbered 1028034099. After ILFC filed the judgment lien, it recovered $1,840.51 from one of Tunca's bank accounts. The remaining outstanding judgment is $1,231,014.90, plus post-judgment interest.

In its complaint, ILFC alleges that Tunca's transfer of the property was fraudulent and a violation of Illinois Code of Civil Procedure, 735 ILCS 5/12-112. ILFC also seeks to foreclose upon its revised judgment lien on the property, pursuant to Federal Rule of Civil Procedure ("Rule") 69(a)(1) and 735 ILCS 5/12-101. Tunca moves to dismiss the complaint pursuant to Rules 12(b)(6) and 9(b), arguing that ILFC premised its fraudulent transfer claim on the wrong Illinois statute.

I. *Legal Analysis*

In order to survive a Rule 12(b)(6) motion to dismiss, ILFC's complaint must provide grounds for relief that are more than mere labels and conclusions. *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167L.Ed.2d 929 (2007). A formulaic recitation of the elements of a cause of action will not suffice. *Id.* Instead, ILFC's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Id*. at 570. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in ILFC's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Because ILFC is alleging fraud, the complaint must also comply with the heightened Rule 9(b) pleadings requirements. ILFC must allege the "'who, what, when, where, and how' of the alleged fraud." *Tricontinental Industries, Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 830 (7th Cir. 2007) (citing to *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990)).

Tunca's sole ground for dismissing the complaint is her claim that ILFC is alleging a violation of the wrong Illinois statute. ILFC's complaint alleges a violation of Illinois Code of Civil Procedure, 735 ILCS 5/12-112. Without citing to any case law, Tunca argues that ILFC should have cited to the Illinois Fraudulent Transfer Act, 740 ILCS 160/5 and that because ILFC did not cite to that act, the complaint should be dismissed. This argument is misplaced. As this Court previously recognized, a creditor such as ILFC can challenge the propriety of a transfer of property to tenancy by the entirety under 735 ILCS 5/12-112 of the Illinois Code of Civil Procedure. *Divane v. Krull Elec. Co., Inc.*, No. 95-C-6108, 2002 WL 31844987 (N.D. Ill. Dec. 16, 2002)(citing

*Premier Prop. Mgmt., Inc. v. Chavez*, 728 N.E.2d 476, 482 (Ill. 2000)).  Accordingly, defendant's motion to dismiss is denied.

**ORDERED:** Defendant's motion to dismiss [48] is denied. Defendant is ordered to answer the complaint by July 18, 2011.  Status hearing and ruling date set for July 13, 2011 are stricken.  No appearance required on July 13, 2011.  The Court enters the following schedule.  Discovery, if necessary, is ordered closed by 11/2/11.  Discovery status hearing set for 10/5/11 at 10:00 a.m.  Motions for summary judgment, if any, with supporting memoranda are due by 11/23/11.  Responses due by 12/14/11.  Replies due by 12/21/11.  Ruling on or before 1/25/12 at 10:00 a.m.

Signed: _____
George W. Lindberg
Senior U.S. District Court Judge

Entered: July 8, 2011